IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRIS SCOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE MEMORY COMPANY, LLC )<br>and CHARLES SIZEMORE, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:09cv290-SRW |

## **MEMORANDUM OPINION and ORDER**

Plaintiff Chris Scott brings the present action against defendant Memory Company, LLC, and Charles Sizemore, its owner and Chief Executive Officer, pursuant to the Fair Labor Standards ("FLSA"), 29 U.S.C. § 201 *et seq*. Scott alleges that he was employed by Memory Company between August 18, 2008 and January 29, 2009, that Memory Company classified him as an "exempt employee" for purposes of the FLSA, that he routinely worked more than forty hours per week and that, when he challenged the "exempt" status assigned to him, Memory Company terminated his employment. Plaintiff asserts two claims against the defendants, one for defendants' allegedly willful violation of the FLSA's overtime provisions, and one for retaliatory discharge. This action is presently before the court on the joint stipulation for voluntary dismissal, the motion for approval of settlement agreement, and the joint motion to seal the General Release and Waiver Agreement. (Docs. ## 32, 33, 34). This matter came before the court for hearing on November 8, 2010; plaintiff and counsel for the parties appeared at the hearing.

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and employees. Lynn's Food Stores v. United States Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). An employee's claim for back wages under the FLSA may be compromised in only two ways: (1) with payment in full of back wages, supervised by the Secretary of Labor, with the employee giving up a right to sue for unpaid wages and liquidated damages; (2) by stipulated judgment entered by a court in an FLSA action brought against the employer, entered after the court has "scrutiniz[ed] the settlement for fairness." Id. at 1352-53. The court may approve a settlement which presents a reasonable compromise over issues that are actually in dispute with regard the pending FLSA claims. Id. Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009)(unpublished opinion)(citations omitted).

In this case, there are actual disputes over plaintiff's FLSA claims, including whether plaintiff is a non-exempt employee covered by the FLSA's overtime provision, the amount of back pay to which he is entitled (if he is not an exempt employee), whether plaintiff was terminated for "protected activity" under the FLSA, and whether defendants willfully violated the FLSA, as plaintiff alleges. In view of the disputed issues in both claims before

2

the court, the amount that plaintiff would be entitled to recover for unpaid overtime if he prevailed on his overtime claim, and the compensation that he will receive from the settlement after payment of attorney's fees pursuant to his contingency fee agreement with his attorney, the court concludes that the settlement is a fair and reasonable compromise of the disputed issues and, further, that the amount of the attorney's fee is not unreasonable.[1]

In this case, the parties' agreement includes a confidentiality clause. (Doc. # 34-1, General Release, ¶ 5). The parties have filed a joint motion to file the settlement agreement under seal, to protect the confidentiality of the terms and conditions of the agreement. (Doc. # 34, Motion for Approval of Settlement Agreement, ¶ 7; Doc. # 32, Joint Motion for Filing Settlement Agreement Under Seal). "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.' . . . A court faced with a request to seal judicial documents should weigh the interests protected by the presumption of openness (especially in FLSA cases) and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260 (M.D. Ala. 2003). In the motion to seal, the only reason advanced for sealing the

---

[1] The court can envision scenarios in which a contingency fee agreement would result in a net recovery to the plaintiff which renders the agreement unreasonable. This is not such a case.

agreement is that the parties' agreement includes a confidentiality provision. (See Doc. #32). "The fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." Prater v. Commerce Equities Management Company, Inc., 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008). During the hearing, defense counsel advanced additional justification for sealing the agreement – that the employer wished to avoid gossip about the settlement by employees who are not fully informed about the basis for the settlement and, also, that the employer disputes liability and the settlement may be mistakenly perceived as an admission of liability. The court notes that the settlement agreement contains a clause indicating that the defendant denies liability and that payment does not constitute an admission of liability. (Doc. # 34-1, ¶ 4). Defendant has not proffered compelling reasons which outweigh the public's independent interest in access to the judicial record of this FSLA dispute.

Additionally, the court declines to approve the confidentiality provision contained in the agreement. (Doc. # 34-1, ¶ 5). "Because of worry that settling with one employee will encourage other employees to assert FLSA rights, the employer may seek to maintain the confidentiality of the settlement agreement. But a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute. . . . A confidentiality provision in an FLSA settlement agreement both contravenes the legislative

4

purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010); see also Glass v. Krishna Krupa, LLC, 2010 WL 4064017 (S.D. Ala. Oct. 15, 2010)(following Dees); Poulin v. General Dynamics Shared Resources, Inc., 2010 WL 1813497 (W.D. Va. May 5, 2010)(following Dees, and also noting that "the confidentiality provisions are likely unenforceable in light of the public filing of the Settlement Agreement"). At the hearing, defense counsel represented that the parties do not want the confidentiality issue to hold up the settlement. Accordingly, the court will grant the parties' motion to approve the settlement agreement, but without the confidentiality provision.

## CONCLUSION

Accordingly, it is

ORDERED that the motion to approve settlement (Doc. # 34) is GRANTED as to all but paragraph 5 of the General Release and Waiver Agreement, and this case will be dismissed pursuant to the settlement between the parties. An appropriate judgment will be entered.

It is further ORDERED that the joint motion to file the settlement agreement under seal (Doc. # 32) is DENIED.

Done, this 10th day of November, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE